No. 857

BARTHOLOMEW v. COMMERCIAL INVEST. TRUST CO.

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1295. Decided Sept. 24, 1925

147. BILLS AND NOTES—In order to defeat right of holder under 8157 GC., necessary to charge that he took note with notice of breach of warranty.

BY THE COURT.

Albert Bartholomew brought an action in the Franklin Common Pleas against the Commercial Investment Trust, Inc., seeking to have and injunction issue restraining the transferring of his note to the Trust Co. and that upon final hearing his note and mortgage be cancelled.

Bartholomew bought an automobile and in consideration therefore gave his note and mortgage. The Zimmerman Co. was the payee of the note and the Trust Co. was the assignee or holder of the note and mortgage. In his amended petition Bartholomew set forth an express warranty of the automobile sold which was a part of the consideration, and the breach of said warranty. It was averred by Bartholo-

mew that, "the Trust Co. took the note and mortgage with knowledge of the standard warranty, and also with knowledge that the balance due on said note and mortgage was the unpaid balance of the purchase money due the Zimmerman Co." The Trust Co. demurred to the amended petition and this demurrer was sustained. Error was prosecuted and the Court of Appeals held:

1. The question is whether the averrment above referred to charges the assignee or holder of the note with an infirmity in the note as defined in 8157 GC.

2. The amended petition does not so charge that the holder took the note with notice of the breach of the warranty.

3. This averment would be necessary to defeat the right of the holder under 8157 GC.

4. Demurrer was properly sustained.

Judgment affirmed.

Attorneys—Huggins & Liggett for Bartholomew; Watson, Davis & Steuffer for Trust Co.; all of Columbus.